# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **TEAIRA SHERMAN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **1:19-cv-00621-ACA** |
| | ] | |
| **T AND M CONCRETE, INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Teaira Sherman's amended motion for default judgment. (Doc. 12). After the Clerk entered a default against Defendants T and M Concrete, Inc. ("T & M Concrete"), and Tim Hardy (doc. 8), Mr. Sherman moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking an award of $9,396.00 in unpaid overtime wages and $9,396.00 in liquidated damages, for a total of $18,792.00. (Doc. 12 at 1). Because the court has vacated the entry of default against T & M Concrete, the court **DENIES** the motion for default judgment against T & M Concrete **WITHOUT PREJUDICE**. And because Mr. Sherman has not pleaded facts or presented evidence stating a claim for either individual or enterprise coverage under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the court **DENIES** the motion for default judgment against Mr. Hardy **WITHOUT PREJUDICE**.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, the court takes as true the well-pleaded allegations of Mr. Sherman's complaint. In addition, Mr. Sherman has submitted some evidence in support of his motion. (*See* Docs. 10-1, 12-1, 12-2, 12-3). The evidence and allegations establish that Defendant T & M Concrete "is in the construction contracting business of building block foundations and concrete forms." (Doc. 1 at 1 ¶ 3). It conducts business in Fayette and Tuscaloosa Counties, Alabama. (*Id.* at 3 ¶ 14; Doc. 12-2 at 2 ¶ 3). Defendant Tim Hardy owns T & M Concrete. (Doc. 1 at 2 ¶ 2).

Mr. Sherman worked as a general laborer for T & M Concrete, doing "general labor work such as moving blocks by hand, spreading dirt, and building wooden forms." (Doc. 1 at 1–2 ¶ 4). He worked there from April 24, 2016 until about April 1, 2018 (a total of 101 weeks). (Doc. 12-2 at 2 ¶¶ 2, 4).

Mr. Sherman routinely worked 58 hours per week and occasionally worked up to 64 hours in a week. (Doc. 12-2 at 2 ¶ 6). He attests that he "sometimes" received the overtime rate, but "most of the time," he received only his regular hourly rate of $12.00. (Doc. 12-2 at 3 ¶ 13). He believes that a conservative estimate

of his unpaid overtime wages is 18 hours of overtime per week for 87 weeks, which at $6 per overtime hour adds up to $9,396.00.

Mr. Sherman filed his complaint in this action on April 24, 2019.  (Doc. 1). He served Mr. Hardy on May 3, 2019 (doc. 5), but as the court has explained (doc. 16), he has not established that he perfected service on T & M Concrete.  The Clerk granted Mr. Sherman's motion for an entry of default against both defendants (docs. 7, 8), but the court has vacated the entry of default against T & M Concrete (doc. 16).

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default.  Fed. R. Civ. P. 55(a).  Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief.  Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  "[A] default judgment cannot stand on a complaint that fails to state a claim."  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

To state a claim, "the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cty*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory statements unsupported by factual allegations are insufficient to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Sherman's motion for default judgment against T & M Concrete fails at step one and his motion for default judgment against Mr. Hardy fails at step two. As to T & M Concrete, the court has already vacated the entry of default (doc. 16), so it cannot enter a default judgment against that defendant. The Clerk did, however, properly enter a default again Mr. Hardy. (Doc. 8). Accordingly, the next question is whether the well-pleaded factual allegations and evidence presented to the court support Mr. Sherman's claim against Mr. Hardy.

The Fair Labor Standards Act requires employers to pay covered employees engaged in interstate commerce for hours worked over forty hours per week at one and a half times the employees' regular pay rate.[2] 29 U.S.C. § 207(a)(1). To establish

---

[2] The well pleaded factual allegations and evidence presented establish, for default judgment purposes, that Mr. Hardy qualifies as an employer under the FLSA. *See* 29 U.S.C. § 203(d); *cf. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

coverage under the FLSA, an employee must show either that he "is engaged in commerce or in the production of goods for commerce" or that he "is employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* Mr. Sherman alleges both individual coverage and enterprise coverage. (Doc. 12 at 3).

An individual is engaged in commerce or in the production of goods for commerce if he "directly participat[es] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24).

Mr. Sherman's well-pleaded allegations and evidence establish that he worked for a construction contracting business that operated in Fayette and Tuscaloosa Counties, Alabama. (Doc. 1 at 1 ¶ 3, 3 ¶ 14; Doc. 12-2 at 2 ¶ 3). He worked as a general laborer moving blocks, spreading dirt, and building wooden forms. (Doc. 1 at 1–2 at ¶ 4; Doc. 12-2 at 2 ¶ 4). These allegations are not sufficient to establish that he worked for an instrumentality of interstate commerce or that he regularly used the instrumentalities of interstate commerce in his work. Accordingly, he has not stated a claim for individual coverage under the FLSA, and he cannot obtain a default judgment on that basis.

An enterprise is engaged in commerce or the production of goods for commerce if it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has at least $500,000 in annual gross volume of sales made or business done. 29 U.S.C.A. § 203(s)(1)(A). The well-pleaded allegations and evidence in this case establish only that T & M Concrete is a construction contractor that operates in Fayette and Tuscaloosa Counties. (Doc. 1 at 1 ¶ 3, 3 ¶ 14; Doc. 12-2 at 2 ¶ 3). Even assuming this is sufficient to establish that T & M Concrete satisfies the first prong for enterprise coverage, Mr. Sherman has provided no information about T & M Concrete's annual gross volume of sales made or business done. (*See generally* Docs. 1, 12). Accordingly, he has not stated a claim for enterprise coverage under the FLSA, and he cannot obtain a default judgment on that basis.

Because Mr. Sherman has not stated a claim for individual or enterprise coverage under the FLSA, the court need not address whether he satisfies the other elements for a claim of unpaid overtime against Mr. Hardy.

### III.  CONCLUSION

The court **DENIES** Mr. Sherman's motion for default judgment **WITHOUT PREJUDICE**. (Doc. 12). However, Mr. Sherman may amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). If he chooses to do so, Mr. Sherman must file his amended

complaint on or before December 9, 2019 and he must serve that amended complaint

on both Defendants within sixty days of filing the amended complaint.

**DONE** and **ORDERED** this November 8, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE